IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN ANDREW RIGGS,<br><br>                     Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                     Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:16-CV-879 TS<br>Criminal Case No. 2:14-CR-611 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

On December 9, 2014, Petitioner was charged by felony information with distribution of methamphetamine and possession of heroin with intent to distribute. A Superseding Felony Information was filed on February 6, 2015, along with a Notice of Sentence Enhancement pursuant to 21 U.S.C. § 851.

The Magistrate Judge initially appointed Aric Cramer to represent Petitioner. However, a conflict arose between Petitioner and Mr. Cramer. On March 16, 2015, the Magistrate Judge appointed new counsel to represent Petitioner. Petitioner was represented by his new counsel at his change of plea hearing on April 27, 2015. In his plea agreement, Petitioner and the government made a joint recommendation for a sentence of 190 months. The Court imposed a

sentence of 190 months on August 4, 2015, in accordance with the parties' joint recommendation. Petitioner did not file a direct appeal.

## II.  DISCUSSION

Petitioner's Motion raises two claims for ineffective assistance of counsel, both of which relate to Mr. Cramer.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To determine ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[1]  To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[3]  In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[4]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[5]

---

[1] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[2] *Strickland*, 466 U.S. at 694.

[3] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[4] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[5] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

Petitioner first claims that Mr. Cramer was ineffective because he represented him while acting under a conflict of interest. The Court finds no deficient performance on the part of Mr. Cramer. The record shows that Mr. Cramer brought the conflict to the Court's attention in a timely manner. Further, even if Mr. Cramer's performance was somehow deficient, Petitioner has failed to show prejudice. The Magistrate Judge appointed Petitioner new counsel, who represented him at the change of plea and sentencing hearings. Petitioner makes no claims that his new counsel was ineffective. Therefore, this claim fails.

Petitioner next argues that Mr. Cramer advised him to cooperate and informed him that, by doing so, he could get a sentence of sixty months or less. Petitioner's claim is belied by the evidence. Petitioner was not represented by Mr. Cramer at his change of plea hearing. And, as stated, Petitioner raises no claims of ineffective assistance related to his new counsel. Moreover, at the change of plea hearing, the parties jointly requested a sentence of 190 months, which the Court later accepted. This agreement relieved Petitioner of a statutorily mandated sentence of 20 years pursuant to 21 U.S.C. § 851. Thus, at the time of his plea hearing, Petitioner knew full well that he would not receive a sentence of 60 months or less. Therefore, he has failed to demonstrate any prejudice as a result of Mr. Cramer's prior statements concerning the potential benefits of cooperation.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:16-CV-879 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:16-CV-879 TS forthwith.

DATED this 6th day of January, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge